JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK  (SBN# 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California  94705
Telephone: (510) 848-4752
Facsimile: (510) 848-5819


Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


BOBBIE BYARS,                          )  CASE NO.
                                       )
                                       )
            Plaintiff,                 )  COMPLAINT FOR DAMAGES
                                       )   (42 U.S.C. §§1983)
                                       )
                                       )
vs.                                    )  JURY TRIAL DEMANDED
                                       )
CITY OF OAKLAND, a municipal           )
corporation; RICHARD WORD,             )
individually and in his capacity       )
as Chief of Police for the             )
City of Oakland; P. MANNING or         )
DOE 1, individually and in his         )
capacity as a police officer for       )
the City of Oakland; L. KEELY or       )
DOE 2, individually and in his         )
capacity as a police officer for       )
the City of Oakland; DOES 3-100,       )
inclusive,                             )
                                       )
            Defendants.                )
_____)


COMPLAINT                         1

## JURISDICTION

1.   This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2.   The claims alleged herein arose in the City of Oakland, State of California.  Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions.  28 U.S.C. Section 1391(b)(2).

## PARTIES

3.   Plaintiff, BOBBIE BYARS, is an African American female citizen of the United States.

4.   Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

5.   Defendant RICHARD WORD (hereinafter, Defendant WORD), is, and at all times herein mentioned was, the Chief of Police for the CITY OF OAKLAND.  Defendant WORD is sued in his individual and official capacities.  At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant WORD was the policy-maker for Defendant CITY OF OAKLAND on the matters alleged herein related to the customs, policies, practices, of the CITY OF OAKLAND Police Department, including, but not limited to, customs, policies and practices related to the training, supervision, hiring and discipline of police officers and with respect to the management and

supervision of the CITY OF OAKLAND Police Department.  Defendant WORD is sued herein in his official and individual capacities.

6.    Plaintiff is informed and believes and thereon alleges that Defendant P. MANNING or DOE 1 was at all times mentioned herein a police officer for the City of Oakland. Defendant MANNING or DOE 1 is sued in his individual and official capacities.

7.    Plaintiff is informed and believes and thereon alleges that Defendant L. KEELY or DOE 2 was at all times mentioned herein a police officer for the City of Oakland. Defendant KEELY or DOE 2 is sued in his individual and official capacities.

8.    Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally

or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

9.   In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

10.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

<u>STATEMENT OF FACTS</u>

12.   Plaintiff is informed and believes and thereon alleges that Defendant CITY OF OAKLAND maintained customs, policies and/or practices wherein CITY OF OAKLAND Police Officers were encouraged, authorized and/or otherwise permitted to engage in repeated civil rights violations against African American citizens living, traveling and/or visiting in the City of Oakland and were also encouraged, authorized and/or otherwise permitted to prepare and file false police reports, fabricate evidence, subject such persons to excessive force, unreasonable searches and seizures and other misconduct.

13.  Plaintiff is further informed and believes and thereon alleges that the abuses in question were the product of a culture of tolerance within the CITY OF OAKLAND Police Department.  This culture is rooted in the deliberate indifference of high ranking City Officials, including, but not limited to Defendants WORD, DOES 1-100, and/or other high ranking Police Department officials and/or supervisors, and each of them, individually and/or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

14.  Plaintiff is informed and believes and thereon allege that Plaintiff suffered the violation of her constitutional rights as a result of customs, policies, patterns and/or practices of Defendants CITY OF OAKLAND, WORD,  DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Oakland Police Department, including, but not limited to, Defendants MANNING, KEELY, DOES 1-100, and/or each of them.

15.  Plaintiff is further informed and believes and thereon alleges that she suffered the violation of her constitutional rights as alleged herein as a result of customs, policies and/or practices of Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-100, and/or each of them, including customs, policies and/or practices of encouraging, authorizing and/or condoning the use of excessive force, unreasonable searches

and/or seizures, falsification of evidence and reports, the failure to adequately or appropriately investigate complaints of misconduct against Oakland Police Officers and/or otherwise failing to track and remedy instances of police misconduct by members of the City of Oakland Police Department, of failing to have sufficient supervisory staffing levels to ensure that there was adequate and appropriate supervision of patrol and other officers, and other customs, policies and/or practices which encouraged, authorized and/or condoned the violation of the Constitutional rights of citizens.

16. Plaintiff is informed and believes and thereon alleges that the violation of her constitutional rights as alleged herein was caused by the deliberate indifference of Defendants CITY OF OAKLAND, WORD, DOES 1-100, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including, but not limited to, Defendants MANNING, KEELY, DOES 1-20, and/or each of them.

17. Plaintiff is further informed and believes and thereon alleges that Defendants WORD, DOES 1-100, and/or each of them, tacitly or directly ratified, approved, condoned and/or otherwise encouraged a pattern, practice, custom or policy of misconduct and/or civil rights violations by his subordinates, such as occurred in the instant case.

18. Plaintiff is informed and believes and thereon

alleges that prior to the subject incident, Defendants CITY OF OAKLAND, CHIEF WORD and/or other high ranking members of the City of Oakland Police Department were on actual notice of problems with the accountability of City of Oakland Police Officers, including, but not limited to, problems with the ability of the Professional Standards Division of the Oakland Police Department in fully, fairly, and objectively investigate citizens' complaints concerning misconduct of members of the City of Oakland Police Department.

19. Plaintiff is informed and believes and thereon alleges that the subject incident was the result of a custom, policy, pattern and/or practice of Defendant CITY OF OAKLAND, CHIEF WORD, and/or other members of the City of Oakland Police Department (DOES 1-100 and/or each of them) whereby African Americans, such as the Plaintiff, were singled out for disparate treatment and subjected to excessive force, unreasonable searches and seizures, and other civil rights violations because of their race.

**ALLEGATIONS CONCERNING THE PLAINTIFF'S INCIDENT**

20. On or about the evening of November 30, 2002, Plaintiff, BOBBIE BYARS, was at her home located at or about 1621 Harrison Street, Apt 510, in Oakland, California.

21. The Plaintiff was not committing any crime and there was no reasonable or probable cause to believe that she was.

22. The Plaintiff called the Oakland Police

COMPLAINT                    7

Department to request assistance when some people were making noise at or about Plaintiffs' apartment complex and refused to leave the premises.

23.   When the people causing the disturbance left the premises before the police arrived, the Plaintiff called the Oakland Police Department to cancel the request for police assistance.

24.   Sometime later that evening, Plaintiff heard a knock at her door.  When the Plaintiff asked who it was, a man's voice stated words to the effect, "Oakland Police." The Plaintiff opened the door to tell the officers that she had canceled the call for assistance because the problem had been resolved.

25.   Nevertheless, Defendants MANNING or DOE 1 and KEELY or DOE 2 entered the Plaintiffs' apartment and subjected Plaintiff to excessive and unreasonable force.

26.   Said force included, but was not limited to, pointing guns at the Plaintiff, grabbing her and throwing her to the floor, stepping on her body, handcuffing the Plaintiff, yanking the Plaintiff by the handcuffs and/or other unreasonable and excessive force.

27.   As a result of the use of excessive and unnecessary force, Plaintiff suffered damages and injuries, including, but not limited to, pain, suffering, emotional distress, fractured right humerus, fractured rib, injury to right shoulder, invasion of privacy, medical and related

expenses, lost wages and/or damage to career, prejudgment interest and/or other damages in amounts to be determined according to proof.

28.   During this time, said Defendants and/or each of them, caused Plaintiff to be detained or arrested without reasonable or probable cause or suspicion that she committed any crime.

29.   Eventually, the handcuffs were removed from the Plaintiff and the officers left the Plaintiffs' home without making any attempt to obtain medical treatment for the serious injuries inflicted by said Defendants on Plaintiff.

30.   No criminal charges were ever filed against the Plaintiff as a result of this incident.

31.   Plaintiff is informed and believes and thereon alleges that the acts and/or omissions of Defendants MANNING, KEELY, DOES 1-100 and/or each of them, was motivated, in whole or in part, by racial animus toward the Plaintiff, an African American woman.

32.   Thereafter, Plaintiff filed a citizen's complaint with Defendant CITY OF OAKLAND.  However, Plaintiff is informed and believes and thereon alleges that Defendants CITY OF OAKLAND, CHIEF WORD and/or DOES 1-100 failed to take any or appropriate remedial action in response to Plaintiff's complaint and/or otherwise ratified, approved and/or condoned the acts and/or omissions of DOES 1-10 and/or each of them.

**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS MANNING, KEELY, DOES 1-20)

33.   Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 32.

34.   In doing the acts complained of herein, Defendants MANNING, KEELY, DOES 1 through 20, and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

(a)  the right not to be deprived of liberty without Due Process of Law;

(b)  the right to be free from unreasonable searches and seizures;  and/or

(c) the right to equal protection of the law.

35.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CLAIM FOR RELIEF
(42 U.S.C. SECTION 1983)
(AGAINST CITY OF OAKLAND, DEFENDANT WORD, DOES 21-100)

36.   Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 35.

37.   As against Defendants CITY OF OAKLAND, WORD

and/or DOES 21-100 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY OF OAKLAND, the Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens in Oakland.

38.   Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the CITY OF OAKLAND, CHIEF WORD, DOES 21-100 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, repeated false arrests, repeated false imprisonments, unreasonable searches and seizures, the use of excessive force, denial of equal protection of the law based on race and other repeated violations of the constitutional rights of citizens in Oakland, such as occurred in this case.

39.   Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for

their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt an appropriate early warning system, policies and customs which encouraged officers to target certain groups of citizens for aggressive police tactics, customs, policies and/or practices which encouraged, authorized and/or condoned the use of excessive force, unreasonable searches and seizures, the failure by officers to report their use of force and/or other customs, and/or policies which caused and/or contributed to, the violation of the rights of citizens, including Plaintiff, by members of the CITY OF OAKLAND Police Department.

40.   The aforementioned deliberate indifference, customs, policies or practices of Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

(a) the right not to be deprived of liberty without Due Process of Law;

(b)  the right to be free from unreasonable searches and/or seizures; and/or

(C) the right to equal protection of the law.

41.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

<u>STATEMENT OF DAMAGES</u>

42.   Plaintiff incorporates by reference and re-allege herein Paragraphs 1 through 41.

43.   As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

a.   General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, and/or loss of liberty in amounts to be determined according to proof;

b.   Special damages, including, but not limited to, past, present and/or future medical and related expenses, lost wages, damage to career and/or other special damages in amounts to be determined according to proof.

44.   The acts and/or omissions of Defendants WORD, MANNING, KEELY, DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

45.   Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. Section 1983 and/or under other statutes and/or laws.

<u>JURY TRIAL DEMAND</u>

46.   Plaintiff hereby demands a jury trial.

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   General damages in amounts to be determined according to proof;

2.   Special damages in amounts to be determined according to proof;

3.   Attorneys' fees pursuant to statutes;

4.   Costs of suit;

5.   Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6.   For prejudgment interest as permitted by law;

7.   For such other and further relief as the Court may deem just and proper.

<u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: November 25, 2003        __/s/_____
                                JAMES B. CHANIN

COMPLAINT                          14

Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT                          15